# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO ANISETO FLORES,<br><br>　　　　Petitioner,<br><br>　v.<br><br>J. SULLIVAN,<br><br>　　　　Respondent. | Case No. 1:19-cv-01423-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS<br><br>(ECF No. 11)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND TO SEND PETITIONER PRISONER CIVIL RIGHTS COMPLAINT FORM |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Given that the instant petition is not cognizable in federal habeas corpus, the undersigned recommends that Respondent's motion to dismiss (ECF No. 11) be granted.

**I.**

**BACKGROUND**

On October 10, 2019, Petitioner filed the instant petition for writ of habeas corpus, which challenges denial of parole on due process grounds. (ECF No. 1). On November 8, 2019, Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies and for failure to state a cognizable federal habeas claim. (ECF No. 11). To date, Petitioner has not filed a response to the motion to dismiss, and the time for doing so has passed.

1

## II.

## DISCUSSION

### A. Federal Habeas Corpus Jurisdiction

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has adopted the rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

In the petition, Petitioner asserts due process violations in connection with the Board of Parole Hearings' denial of parole. (ECF No. 1 at 7, 10).[1] Petitioner argues that the Board's sole reliance on the circumstances of Petitioner's remote offense to deny parole was arbitrary and capricious. The Court finds that success on Petitioner's claims would not necessarily lead to a grant of parole, but rather a new parole hearing. See Richardson v. Bd. of Prison Hearings, 785 F. App'x 433, 434 (9th Cir. 2019) (holding that petition asserting Eighth and Fourteenth Amendment violations arising from denial of request for early parole would not necessarily result in immediate release from prison but rather entitlement to a new parole hearing). Under California law, the parole board must consider all relevant reliable information in determining suitability for parole and has the authority to deny parole on the basis of any grounds presently available to it. Nettles, 830 F.3d at 935. As success on Petitioner's claims would not necessarily

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

lead to his immediate or earlier release from confinement, these claims do not fall within "the core of habeas corpus," and thus, are not cognizable in federal habeas corpus. See <u>Nettles</u>, 830 F.3d at 935. Accordingly, Petitioner has failed to state cognizable claims for federal habeas corpus relief with respect to his claims challenging the denial of parole, and dismissal is warranted.[2]

### B. Conversion to § 1983 Civil Rights Action

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." <u>Nettles</u>, 830 F.3d at 936 (quoting <u>Glaus v. Anderson</u>, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees,[3] exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). <u>Nettles</u>, 830 F.3d at 936 (citing <u>Robinson v. Sherrod</u>, 631 F.3d 839, 841 (7th Cir. 2011); <u>Glaus</u>, 408 F.3d at 388).

The Court finds that it would be inappropriate to construe the habeas petition as a civil rights complaint under 42 U.S.C. § 1983. Respondent J. Sullivan, the warden at the California Correctional Institution in Tehachapi, is not the correct defendant in a civil rights action challenging the Board of Parole Hearings' denial of parole. This conclusion, however, does not preclude Petitioner from pursuing his claims in a properly filed civil action brought pursuant to 42 U.S.C. § 1983.

///

///

///

---

[2] In light of the determination that Petitioner's claims are not cognizable in federal habeas corpus, the undersigned will not address Respondent's argument that the petition should be dismissed as unexhausted. Relatedly, the Court will not address Respondent's request for judicial notice.

[3] The filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1).

## III.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 11) be GRANTED.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter and to send Petitioner a prisoner civil rights complaint form.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 8, 2020**              /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE