UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO ANISETO FLORES,<br><br>Petitioner,<br><br>v.<br><br>J. SULLIVAN,<br><br>Respondent. | No. 1:19-cv-01423-NONE-EPG-HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION, DENYING PETITIONER'S MOTION TO STAY, DIRECTING THE CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 11, 20, 23) |

Petitioner Alfredo A. Flores is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2254. On April 8, 2020, the assigned magistrate judge recommended the respondent's motion to dismiss the petition for failure to state a cognizable federal habeas claim be granted. (Doc. No. 20.) The findings and recommendations were served on petitioner and contained notice that any objections were to be filed within thirty (30) days of the date of service of that order. The court subsequently granted petitioner two extensions of time to file his objections. (Doc. Nos. 22, 26.) In lieu of filing his objections, petitioner instead filed a motion to stay on June 12, 2020. (Doc. No. 23.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court holds that the

1

findings and recommendations are supported by the record and proper analysis.  Accordingly, the court will adopt the findings and recommendations.

As noted, petitioner now seeks to stay this federal habeas proceeding and hold it in abeyance until he exhausts his claims in state court.  (Doc. No. 23.)  However, the failure to exhaust his claims was *not* the basis of the magistrate judge's recommendation that the petition be dismissed.  It is true that respondent moved to dismiss the petition both for failure to state a cognizable claim for federal habeas relief *and* for failure to exhaust, the magistrate judge relied only on the former—*not* on the latter— as the ground for dismissal.  (*See* Doc. No. 20 at 3 n.2.)[1]  For the above reasons, petitioner's motion to stay will be denied.

The court must now turn to whether a certificate of appealability should be issued.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  Courts should issue a certificate of appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.  Therefore, the court declines to issue a certificate of appealability.

/////

/////

---

[1] Moreover and in any event, it appears that petitioner has also failed to satisfy the requirements for the granting of a stay pending exhaustion.  "[S]tay and abeyance [is] available only in limited circumstances" and only when there is "good cause" for the failure to exhaust, the "unexhausted claims are potentially meritorious," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).  Here, petitioner has failed to establish "good cause" or that his habeas petition is "potentially meritorious" in light of the magistrate judge's conclusion that his claim is not cognizable in these federal habeas proceedings.

Accordingly:

1. The findings and recommendations issued on April 8, 2020 (Doc. No. 20) are ADOPTED;
2. Respondent's motion to dismiss (Doc. No. 11) is GRANTED;
3. The petition for writ of habeas corpus is DISMISSED;
4. Petitioner's motion to stay (Doc. No. 23) is DENIED;
5. The Clerk of Court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to close the case; and
6. The court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **September 8, 2020**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE